IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF TEXAS
LUFKIN DIVISION

| | | |
|---|---|---|
| JORGE CISNEROS MARTINEZ,<br><br>*Petitioner*,<br><br>v.<br><br>WARDEN, IAH Secure Adult Detention Facility, in his or her official capacity; FIELD OFFICE DIRECTOR FOR ENFORCEMENT AND REMOVAL OPERATIONS, HOUSTON FIELD OFFICE, U.S. Immigration and Customs Enforcement, in his or her official capacity; DAVID J. VENTURELLA, Senior Official Performing the Duties of the Director, U.S. Immigration and Customs Enforcement, in his official capacity; DAREN MARGOLIN, Director, Executive Office for Immigration Review, in his official capacity; MARKWAYNE MULLIN, Secretary, U.S. Department of Homeland Security, in his official capacity; U.S. DEPARTMENT OF HOMELAND SECURITY; and TODD BLANCHE, Acting U.S. Attorney General, in his official capacity,<br><br>*Respondents*. | §<br>§<br>§<br>§<br>§<br>§<br>§<br>§<br>§<br>§<br>§<br>§<br>§<br>§<br>§<br>§<br>§<br>§<br>§<br>§<br>§<br>§<br>§<br>§<br>§<br>§<br>§ | CIVIL ACTION NO. 9:26-CV-00493<br>JUDGE MICHAEL J. TRUNCALE |

**ORDER GRANTING MOTION FOR LEAVE TO SUPPLEMENT MOTION TO ALTER WITH NEWLY AVAILABLE EVIDENCE AND MOTION TO ALTER JUDGMENT, BUT DENYING PETITION FOR WRIT OF HABEAS CORPUS**

Before the Court are Petitioner Jorge Cisnero Martinez ("Petitioner")'s Petition for Writ of Habeas Corpus (the "Petition") [Dkt. 1], Motion to Alter Judgment (the "Motion to Alter") [Dkt. 3], and Motion for Leave to Supplement Motion to Alter with Newly Available Evidence (the

"Motion for Leave") [Dkt. 4]. For the following reasons, the Motion for Leave and Motion to Alter are **GRANTED**. Upon reconsideration, the Petition for Writ of Habeas Corpus is **DENIED**.

## I. BACKGROUND

Petitioner is a citizen and national of Cuba. [Dkt. 1 at ¶ 9]. He was paroled into the United States in May 1980 and has remained in the country ever since. *Id.* In January 1982, Petitioner was convicted in New York on a guilty plea of first degree rape, second degree robbery, and second degree assault. *Id.* at ¶ 28. In 1993, also in New York, he was convicted of driving while ability impaired by alcohol and had his license suspended. *Id.* at ¶ 31. His last arrest occurred in 1997, when he received a disorderly conduct disposition (which is not considered a crime under New York law), and its records were sealed in 1998. *Id.* He has not been arrested since then. *Id.*

On April 28, 2026, ICE officers arrested Petitioner at his home in Florida pursuant to a warrant that rested on his prior convictions. *Id.* at ¶ 34; [Dkt. 1-2 at 3]. On May 1, 2026, a Final Administrative Removal Order was issued, finding that Petitioner was deportable under 8 U.S.C. § 1227(a)(2)(A)(iii). [Dkt. 5 at 10]. Petitioner filed a petition for a writ of habeas corpus on July 2, 2026. [Dkt. 1]. The Court denied the petition on August 11, 2026. [Dkt. 2]. Petitioner then filed the present Motion to Alter on August 21, 2026. [Dkt. 3]. On September 24, 2026, an Immigration Judge denied his request for custody redetermination, citing a lack of jurisdiction due to the final removal order. [Dkt. 5 at 12]. Petitioner filed his Motion for Leave on October 9, 2026, filing the additional documents that same day.[1] [Dkts. 4, 5]. The Motion to Alter is ripe for review.

## II. LEGAL STANDARD

Petitioner brings his Motion to Alter under Federal Rule of Civil Procedure 59(e). "Rule 59(e) governs motions to alter or amend a final judgment." *Austin v. Kroger Texas, L.P.*, 864 F.3d

[1] The additional documents include (1) a Form 1-205 Warrant of Removal dated April 28, 2026; (2) DHS's August 26, 2026 Notice of Filing in the Miami Immigration Court attaching a Form I-851A Final Administrative Removal

326, 336 (5th Cir. 2017) (citation modified). Under Rule 59(e), courts may reconsider their rulings when: (1) there has been an intervening change in controlling law; (2) there is new evidence not previously available; or (3) there is a need to correct a clear error of law or prevent manifest injustice. *In re Benjamin Moore & Co.*, 318 F.3d 626, 629 (5th Cir. 2002). "Manifest error is one that is plain and indisputable, and that amounts to a complete disregard of the controlling law." *Guy v. Crown Equipment Corp.*, 394 F.3d 320, 325 (5th Cir. 2004) (cleaned up). "[S]uch a motion is not the proper vehicle for rehashing evidence, legal theories, or arguments that could have been offered or raised before the entry of judgment." *Templet v. HydroChem Inc.*, 367 F.3d 473, 479 (5th Cir. 2004) (alteration added) (citing *Simon v. United States*, 891 F.2d 1154, 1159 (5th Cir. 1990)).

"Motions for reconsideration serve the narrow purpose of allowing a party to correct manifest errors of law or fact or to present newly discovered evidence." *Solid State Storage Sols., Inc. v. STEC, Inc.*, No. 2:11-CV-391-JRG-RSP, 2012 WL 12904107, at *1 (E.D. Tex. Sept. 27, 2012) (Gilstrap, J.) (citing *Tex. Instruments, Inc. v. Hyundai Elecs. Indus. Co.*, 50 F. Supp. 2d 619, 621 (E.D. Tex. 1999)). "District court opinions 'are not intended as mere first drafts, subject to revision and reconsideration at a litigant's pleasure.'" *Shenzen Synergy Digital Co. v. Mingtel, Inc.*, No. 4:19-CV-00216, 2022 WL 2252585, at *2 (E.D. Tex. June 22, 2022) (Mazzant, J.) (quoting *Hernandez v. Rush Enters., Inc.*, No. 4:19-CV-638, 2021 WL 1163725, at *1 (E.D. Tex. Mar. 26, 2021)). "Rule 59(e) . . . 'may not be used to relitigate old matters . . . .'" *Ward v. Dir.,*

Order dated May 1, 2026; and (3) the Immigration Judge's September 24, 2026 order denying custody redetermination for lack of jurisdiction. [Dkt. 4 at ¶ 2].

*TDCJ-CID*, No. 6:17CV537, 2019 WL 4673302, at *4 (E.D. Tex. May 22, 2019) (Clark, J.) (quoting *Exxon Shipping Co. v. Baker*, 554 U.S. 471, 485 n.5 (2008)).

A district court has "considerable discretion in deciding whether to reopen a case under Rule 59(e)." *Edward H. Bohlin Co. v. Banning Co.*, 6 F.3d 350, 355 (5th Cir. 1993). But this discretion is not unbounded; when considering a motion to alter or amend judgment, "[t]he court must strike the proper balance between two competing imperatives: (1) finality, and (2) the need to render just decisions on the basis of all the facts." *Id.* "Reconsideration of a judgment . . . is an extraordinary remedy that should be used sparingly." *Templet*, 367 F.3d at 479 (citation omitted).

## III. DISCUSSION

### A. Motion for Leave and Motion to Alter

At the outset, the Court grants Petitioner's Motion for Leave [Dkt. 4]. It will consider the supplemental evidence filed as an attachment to the Motion for Leave. [Dkt. 5].

In his Motion to Alter, Petitioner raises several arguments that the Court's previous Order committed manifest errors of fact and law. The first is that the Order incorrectly reasoned that Petitioner entered and remained in the United States unlawfully and thus is justly detained under 8 U.S.C. §§ 1182(a)(6)(A)(i), 1227(a)(1)(A). [Dkt. 3 at 2; Dkt. 2 at 2]. Petitioner asserts that his status as a parolee means these provisions cannot provide the basis for his detention. [Dkt. 3 at 2]. The second argument is that the Order did not address Petitioner's Count Two, a due process claim that Petitioner's detention without an individualized determination is unconstitutional, and Count Three, which claims that Petitioner's custody is governed by 8 U.S.C. § 1226(a). *Id.* at 3–4. The

third argument is that the Court's reliance on *Carson v. Johnson*, 112 F.3d 818 (5th Cir. 1997) and *Pierre v. United States*, 525 F.2d 933 (5th Cir. 1976) is misplaced. [Dkt. 3 at 4–6].

The Court agrees that its previous application of 8 U.S.C. § 1182(a)(6)(A)(i) to Petitioner's case was manifest error. That section provides, in relevant part, that "[a]n alien present in the United States without being admitted or paroled . . . is inadmissible." *Id.* Here, Petitioner was paroled into the United States in May 1980. [Dkt. 1 at ¶ 2]. Therefore, § 1182(a)(6)(A)(i) cannot support the conclusion that Petitioner's "unlawful entry and continued unlawful presence in the United States are undisputedly valid reasons for confining him during removal proceedings" because he entered the country under parole. [Dkt. 2 at 2]. Because this suffices to grant the Motion to Alter, the Court does not address Petitioner's remaining arguments.

Accordingly, the Court grants Petitioner's Motion to Alter [Dkt. 3]. It vacates its original Order [Dkt. 2] and, with the benefit of Petitioner's additional briefing [Dkts. 3–5], reconsiders the Petition [Dkt. 1] with fresh eyes.

**B. Petition for Writ of Habeas Corpus**

Upon reconsideration, the Court finds that the Petition [Dkt. 1] must be denied.

***i. Legal Standard***

Habeas petitions under 28 U.S.C. § 2241 serve the "sole function" of challenging the legal basis for the petitioner's detention. *Pierre v. United States*, 525 F.2d 933, 935–36 (5th Cir. 1976). A petitioner is entitled to relief under § 2241 if he is held "in violation of the Constitution or laws or treaties of the United States." 28 U.S.C. § 2241(c)(3). In a habeas proceeding, the petitioner

bears the burden of proof and must demonstrate by a preponderance of the evidence that he is being held unlawfully. *Villanueva v. Tate*, 801 F. Supp. 3d 689, 696 (S.D. Tex. 2025).

***ii. Discussion***

The Court begins with whether DHS had statutory authority to effect its initial re-detention of Petitioner and to continue detaining him post-removal order. The Court finds that it did. DHS had authority to detain Petitioner following his arrest under 8 U.S.C. § 1226(a), which permits the Attorney General to arrest an alien pursuant to a warrant and detain him or her pending a removal order. *Id.* That is exactly what happened here: DHS arrested Petitioner pursuant to a warrant and detained him pending a removal order. [Dkt. 1-2 at 3]. And once Petitioner's final order of removal issued, his continued detention was lawful under 8 U.S.C. § 1231(a)(2)(A), which says: "During the removal period, the Attorney General shall detain the alien. Under no circumstance during the removal period shall the Attorney General release an alien who has been found inadmissible under section 1182(a)(2) or 1182(a)(3)(B) of this title or deportable under section 1227(a)(2) or 1227(a)(4)(B) of this title." *Id.* Here, Petitioner's final removal order named 8 U.S.C. § 1227(a)(2)(A)(iii) as the basis for deportability. *See* [Dkt. 5 at 10]. Therefore, because Petitioner was found deportable under § 1227(a)(2), DHS had authority under § 1231(a)(2)(A) to continue detaining him during the removal period.[2] The Court therefore finds that DHS possessed statutory authority to detain Petitioner.

To the extent Counts One and Two raise constitutional rather than statutory challenges, the Court still finds that Petitioner's detention was legal. The Fifth Circuit's recent decision in

---

[2] The Court recognizes that the Motion for Leave identified a potential conflict with *Zadvydas v. Davis*, 533 U.S. 678 (2001) if Petitioner's post-removal order detention extends beyond November 1, 2026. [Dkt. 4 at ¶ 5]. The Court does not presently analyze any *Zadvydas* claim because neither the original Petition nor the Motion to Alter raised an argument under *Zadvyas*. *See generally* [Dkts. 1, 3]. Such an argument would be more proper under a renewed petition.

*Rodriguez v. Vergara*, No. 26-50183, 2026 WL 3181188 (5th Cir. Oct. 23, 2026) is instructive. There, the Fifth Circuit held that aliens who are "applicants for admission" under 8 U.S.C. § 1225(b) have no procedural due process right to additional procedures, such as individualized custody hearings, before or during detention. *Id.* at *7–9. This is because additional procedures that would consider factors such as dangerousness, flight risk, criminal history, etc. would not bear on the alien's status as an applicant for admission—the primary basis justifying detention. *Id.* at *8–9.

That same reasoning applies here. Neither a hearing prior to Petitioner's re-detention (Count One) nor a custody redetermination hearing during the detention (Count Two) would change anything regarding the basis of Petitioner's arrest and detention: his prior felony convictions. Therefore, applying *Rodriguez*'s reasoning, the Court declines to grant habeas relief based on Petitioner's due process claims in Counts One and Two.

As for Count Three, the Court agrees with Petitioner that his detention (at least, his pre-removal order detention) is governed 8 U.S.C. § 1226(a). [Dkt. 1 at ¶ 58]. But it disagrees with Petitioner's conclusion that this means he is entitled to an individualized bond hearing, the absence of which warrants immediate release. *Id.* Nothing in § 1226(a)'s text *requires* the Government to provide Petitioner an individualized hearing, and Petitioner offers no legal authority supporting his claim to the contrary.[3] *Id.* at ¶ 61. And because the Court does not hold that Petitioner is subject to mandatory detention under § 1226(c), Petitioner's pre-Transition Period Custody Rules arguments are not relevant. [Dkt. 1 at ¶ 59; Dkt. 3 at 3]. Thus, because the Government has not violated either the Constitution or the Immigration and Nationality Act by choosing *not* to offer

[3] Petitioner's legal support in Count Three centers on §§ 1226(b) and (c) and is therefore irrelevant to § 1226(a). [Dkt. 1 at ¶¶ 58–61].

Petitioner an individualized bond hearing, the Court cannot grant habeas relief. To the extent Petitioner raised any other arguments in his Petition, the Court does not find them persuasive.

## IV. CONCLUSION

It is therefore **ORDERED** that Petitioner's Motion for Leave [Dkt. 4] is **GRANTED**. It is further **ORDERED** that Petitioner's Motion to Alter [Dkt. 3] is **GRANTED**. The Court's original Order [Dkt. 2] is hereby **VACATED**.

Upon reconsideration and for the reasons stated above, it is further **ORDERED** that Petitioner's Petition for Writ of Habeas Corpus [Dkt. 1] is **DENIED**. This constitutes a **FINAL JUDGMENT** and the Clerk is **INSTRUCTED** to close this matter.

**SIGNED this 23rd day of November, 2026.**

Michael J. Truncale
United States District Judge